13617

DRUMMOND *ET AL.* v. TOWNES *ET AL.*

(169 S. E., 81)

September, 1932.

*Mr. W. G. Sirrine,* for appellants,

*Messrs. W. H. Earle* and *Price & Poag,* for respondents.

April 11, 1933.

The opinion of the Court was delivered by Mr. Justice Bonham.

The plaintiffs were candidates for various offices which were voted for in the primary election of the Democratic party in Greenville County held in August, 1932. The defendants were then, and are now, the officers and members of the Democratic Executive Committee of that county.

Pursuant to the rules of the Democratic party, as formulated and adopted by the State Democratic convention, the Executive Committee for Greenville County assessed and collected from each candidate for the various county offices to be voted for in the primary election of 1932 in that county certain sums of money according to a schedule fixed by the committee. Plaintiffs paid the assessments fixed for the offices for which they were candidates.

It appears that the committee, from the funds in its hands arising from these assessments, and funds in its hands coming over from former executive committees, contributed to the campaign fund of the National Democratic party the sum of $1,000.00. This was authorized by resolution of the county committee. When the appellants learned of this action, they brought this suit to restrain the payment of the check which had been sent to the National Democratic committee, and demanding judgment against the defendants as members of the committee, and as individuals, in the sum of $1,000.00. Judge Johnson granted a temporary restraining order to the effect that the check should not be paid pending the disposition of the action. The defendants answered, with a general denial, that they constitute the executive committee of the Democratic party of Greenville County, which is directly under the control of the State Democratic executive committee; that the Democratic party of South Carolina is a branch of the National Democratic party of the United States; that these plaintiffs have no further interests in the funds which they paid in as candidates in the primary election, which funds were for campaign purposes, and others decreed by the county executive committee, and that these funds are being used for that purpose; that the contribution of $1,000.00 to the National Democratic campaign fund was made upon the authority of the committee; that plaintiffs never brought this matter before the Greenville County Democratic executive committee, nor did they appeal to the State Democratic executive committee;

that the action of the committee in the premises was for the good of the Democratic party in Greenville County, and the State of South Carolina, and the National Democratic party as well.

The matter was heard by Circuit Judge Johnson on an agreed statement of facts. After hearing argument, he filed his decree October 12, 1932, in which he held that the Greenville County executive committee had ample authority to make the contribution of $1,000.00 to the National Democratic campaign fund, that being a party purpose; that the Democratic executive committee of Greenville County is a subdivision of the Democratic party of the State of South Carolina, which is in turn a branch of the National Democratic party of the United States. He revoked the restraining order he had granted in the case, and dismissed the complaint.

We concur in his findings and conclusions, and with ██ that might dismiss the appeal. But the earnest and serious argument of the attorney for appellants merits consideration. It is predicated upon the basic contention that the funds paid in by plaintiffs as assessed against them are trust funds, and the defendants, as the Democratic executive committee, are trustees of it, and can only expend it for campaign purposes in Greenville County.

Let us, for the sake only of the argument, accept this postulate; where do the appellants stand in relation to it? Clearly they are not the beneficiaries of the trust. They paid their money into the committee under the rule of the Democratic party, for the privilege of becoming candidates for office in the primary election of that party. They need not have done so; they could have stayed out of the primary and become candidates in the general election. But they elected to be candidates in the Democratic primary, and the party required them to pay, as a condition of their entry, the several sums fixed. When they did this, the money became the property of the party to be expended by its

executive committee for party purposes, including the expenses of conducting the primary election, and, we venture to assert, for any purposes which furthered and advanced the legitimate aims and objects of the Democratic party. It is not a sound proposition that the funds in the hands of this committee can only be expended for the benefit of the party in Greenville County. The Democratic party in Greenville County is an integral part of the Democratic party in the State of South Carolina, which is a component part of the National Democratic party. If this were not so, the Democratic party of Greenville County would not be entitled to representation in the State conventions of the party, and the State Democratic party would not be entitled to representation in the national conventions of the party. It will not be denied that the Democrats of Greenville County had a keen and loyal interest in the election of a National Democratic administration in the election of 1932. Not only is their interest one in behalf of the general welfare of the country, but it is possible, it may be probable, that worthy citizens of that county shall be appointed to honorable and lucrative federal offices.

Clearly appellants are not entitled to maintain this action. There is nowhere in the record any proof that this $1,000.00, which they seek to recover of defendants, is any part of the assessments which they paid. It may be a part of funds which the committee had on hand from former campaigns. Appellants have shown no claim in law or in equity which entitles them to this fund, or which authorizes them to invoke the aid of the Court to restrain the payment of the check representing the $1,000.00 contributed by defendants as the Democratic executive committee of Greenville County to the National Democratic party campaign fund.

The appeal is dismissed, and the judgment below is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.