15180

DuPRE v. CITY OF COLUMBIA

(12 S. E. (2d), 543)

14

*Mr. Wingate Waring,* for appellant,

*Messrs. Paul A. Cooper* and *Charles F. Cooper,* for respondent,

December 9, 1940.

The opinion of the Court was delivered by Mr. Associate Justice Stukes.

This is an action at law commenced .November 7, 1939, for the recovery of $100.00, the fee paid by the plaintiff, appellant,. for his entrance in the spring primary of 1938 for Democratic. nomination for councilman of the City of Columbia in the succeeding general election. He was. unsuccessful in his race and failed to receive the nomination. He contends in his complaint that he paid the assessment to the defendant municipality under protest and it is liable to him for the amount plus interest by way of money had and received; that it was illegally collected in view· of the

statutes governing the commission form of government under which the defendant has operated since the year 1910, from which date until the primary of 1938 no entrance fees had been required in like cases.

The answer contains a general denial and certain affirmative allegations, one of which is that any payment made by plaintiff was voluntary on his part and was duly assessed and collected in accord with law and with party rules and regulations.

The testimony developed that the plaintiff gave his check for $100.00 to the secretary of the City Democratic Committee who endorsed and delivered it to the treasurer of the City of Columbia "to be applied on election expenses, municipal primary," as was likewise done with fees paid by the only candidate for mayor and the several other candidates for council. Plaintiff testified that such payment by him was under verbal protest expressed publicly by him and also to the party secretary at the time of the delivery of the check to him. The secretary testified that he had several conversations with plaintiff during the campaign, that he could not recall that the plaintiff made any protest at the time of the payment of the entrance fee but that he could not say that there was no verbal protest then, and he further testified that there had previously, since 1910, been no assessment of such fees upon primary candidates for mayor and councilman. To the latter effect the chairman of the Board of Election Commissions of the city, a former member of such board and a former councilman also testified, so far as their respective periods of knowledge extended.

Defense counsel moved for a nonsuit upon the grounds that there was insufficient evidence that the payment was under protest, which motion the trial Judge refused, stating that there was evidence that the payment was under protest and further that he considered counsel's motion premature.

For the defendant the chairman in 1938 of the (Columbia) City Democratic Executive Committee identified the rules adopted by the committee on January

24, 1938, for the conduct of the primary, which were (properly, we think) admitted in evidence over the objection of the plaintiff. Rule No. 10 thereof required each candidate for council to file with the secretary of the committee by 2 p. m., February 25th, the day prior to the opening of the books of enrollment of voters, a pledge to abide by the result of the primary and to pay an assessment of $100.00, which should be paid to such secretary and by him paid to the city treasurer for application upon the expenses incident to the primary.

At the conclusion of all of the testimony both parties moved for directed verdicts, the plaintiff grounding his motion upon Section 7602 and other related sections and amendments thereto of the Code of 1932 pertaining to cities of more than fifty thousand population operating under the commission form of government, and upon the ground that the evidence showed that the sum sued for was paid by plaintiff under protest and found its way into the defendant's treasury through the alleged illegal exaction of the assessment; this motion was refused.

Defendant's motion was based upon the grounds that the matter of the entrance fee required of the candidates in the primary "was purely a party matter and was governed" by the rules of the Democratic party adopted by the City Executive Committee, in evidence; and further that the evidence did not show that plaintiff's payment thereof was made under protest. The Court granted defendant's motion on the first ground only, stating that there was no statute preventing the assessment of fees by a political party or committee thereof in municipal primaries in cities subject to the commission form of government; and verdict was directed for the defendant.

Plaintiff moved unsuccessfully for a new trial on the minutes upon grounds covered by the exceptions. In argument here he has reduced his three exceptions to a single question, challenging the power of an executive committee of a political party to impose an assessment or entrance fee upon

a candidate for council in a municipal primary in a city of Columbia's population class under the commission form of government. He relies for his position upon Section 7602 of the Code which provides in effect that the municipality shall pay the expenses of each election provided by the terms of Sections 7582 to 7625.

The Court below committed no error in its direction of verdict for the defendant and the reason given therefor is sufficient, but it may well be enlarged upon. Appellant appears to overlook the important circumstances that he was a member of the political party which levied the assessment upon him for the privilege of becoming a candidate in the primary for the nomination by his party for the office he sought; necessarily he was subject to the rules of his party, one of which exacted the fee for the privilege.

An enlightening discussion of Chapter 152, § 7582 *et seq.*, of the 1932 Code, providing for the commission form of government of cities classified by population which may adopt such form of government, occurs in the opinion of this Court delivered by the late Chief Justice Stabler in the case of *Zimmerman v. Bennett et al.,* 154 S. C., 116, 151 S. E., 214, pointing out particularly that the provision for nominating primaries in such cities is independent of the general primary statutes; and in the latter case of *Ford v. Owens,* 160 S. C., 168, 158 S. E., 147, such separate statutory provisions for municipal primaries were held constitutional and valid. However, at least some of the provisions of Chapter 152 relating to these municipal primaries were superseded by the passage of Act No. 634 of 1932, 37 Statutes at Large, 1162, which provides at the end of Section 1 as follows: "City executive committees (of organized political parties participating) * * * shall function under rules promulgated by such parties."

It is unnecessary here to analyze the Act of 1932 and its usual repealing clause to ascertain other changes which it made in the law prescribed by Chapter 152 of the Code, and particularly whether the effect was to repeal the provision

of Section 7632 that the primary expenses should be paid out of the city treasury. This for the reason that the record in this case indicates that the cost of the 1938 primary in which the appellant unsuccessfully participated as a candidate was in fact paid from the city treasury; and the fee paid by appellant and the other similar fees were contributed by his party to the city upon the expenses of the primary.

As held by the Court below no prohibition of such action by the Democratic party organization. of the City of Columbia has been pointed out. On the contrary, the decision of this Court in *Drummond et al. v. Townes et al.,* 169 S. C., 396, 169 S. E., 81, is clear and strong authority that the contribution by the party was not only within its power but proper.

In the latter case the candidates in an immediately preceding primary election of the Democratic party attempted unsuccessfully to prevent by injunction a contribution by the County Executive Committee of the party to the national party campaign fund. The reasoning there is applicable here. The City of Columbia was providing an expensive primary largely, at least, so that appellant's party might make nominations of its candidates for the various city offices to be filled in the ensuing general election, and it contributed thereto by levying assessments upon its members who voluntarily became candidates and turned the proceeds of them over to the city for application upon its primary expenses.

In appellant's well-prepared brief is cited an annotation of numerous decisions from other jurisdictions in 22 L. N. S., 1136. Naturally none exactly fits the problem presented by this controversy, which latter we think is properly solved by the foregoing consideration of the authority of our statutes and decisions.

For the reasons indicated appellant's exceptions are overruled and the judgment below affirmed.

Mr. Chief Justice Bonham, Messrs. Justices Baker and Fishburne and Mr. Acting Associate Justice L. D. Lide concur.