18203

Watson H. CAMPBELL, Sr., Respondent, v. SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Appellant

(135 S. E. (2d) 838)

*Messrs. Daniel R. McLeod, Attorney General,* and *Grady L. Patterson, Jr., Assistant Attorney General,* of Columbia, and *Pyle & Pyle,* of Greenville, *for Appellant,* ▮▮▮▮

188

*Messrs. Younts & Spence,* of Greenville, *for Respondent,*

April 17, 1964.

TAYLOR, Chief Justice.

This is an action to recover damages for personal injuries alleged to have been sustained as a result of the negligent maintenance of South Carolina Highway 118 by the State Highway Department. The trial Judge overruled timely motions by the defendant for nonsuit and directed verdict. The jury returned a verdict in favor of plaintiff; thereafter defendant's motions for judgment n. o. v. and in the alternative for a new trial were refused and this appeal followed.

On June 16, 1962, plaintiff, accompanied by his son, was operating a motorcycle in a northerly direction on Highway 118 in Greenville County. Highway 118 is a narrow dirt road, for the most part single lane, leading over Hog Back Mountain to the North Carolina line. The testimony reveals that plaintiff, on a clear day, while riding a motorcycle owned by his son, with the son riding behind him, was proceeding between 10 and 15 m. p. h. when he observed a "wet spot" in the right-hand rut in which he was traveling that appeared to be slick. He then crossed over to the left-hand rut and prepared to change to low gear to cross

a "little washed place." The road caved in, throwing plaintiff over the handle bars onto the road causing his injury. The resulting depression or hole in the road was estimated to be approximately 6 feet long and approximately 2 feet deep. Plaintiff testified he was approximately 2 to 3 feet from the shoulder and that portion of the road appeared to be dry and solid, although some of the shoulder had been washed out.

The following questions are stated in defendant's brief:

"1. Does the testimony show actionable negligence on the part of the Defendant which was the proximate cause of Plaintiff's injuries?

"2. Does the testimony show that Plaintiff's injuries were due to his contributory negligence, as a matter of law, even if the Defendant was negligent?

"3. Does the testimony show that Plaintiff's injuries were a result of his own negligence?"

This action is brought under Section 33-229, Code of Laws of South Carolina 1962, and as the Highway Department is the State itself, it may be sued for damages only upon the terms and conditions of the enabling Statute. *Sanders v. State Highway Department,* 212 S. C. 224, 47 S. E. (2d) 306. Section 33-232, Code of Laws of South Carolina 1962, places the additional burden on plaintiff to allege and prove that he did not bring about the injury by his own negligence, or negligently contribute thereto.

In order for plaintiff to recover he must prove by the preponderance of the evidence that the Highway Department was guilty of the acts of negligence, or one or more of them, charged against it, and that such acts of negligence were the proximate cause of plaintiff's injuries and that plaintiff was not guilty of contributory negligence. *Lusk v. State Highway Department,* 181 S. C. 101, 186 S. E. 786; *Cooper v. State Highway Department,* 183 S. C. 155, 190 S. E. 499; *Bunton v. South Caro-*

*lina State Highway Department,* 186 S. C. 463, 196 S. E. 188.

The Highway Department is charged with negligently failing to repair, inspect or warn the traveling public of an alleged defect in the highway. In determining whether the Highway Department was negligent the evidence must be considered in the light most favorable to plaintiff. *Epps v. South Carolina Highway Department,* 209 S. C. 125, 39 S. E. (2d) 198.

Although the Highway Department is not an insurer of the safety of travelers over its highways, it has the duty to keep the highways in a reasonably safe condition for travel and to erect and maintain sufficient signs, guardrails and warnings, as may enable users of said highways, exercising ordinary care and prudence, to avoid injury to themselves and others. *Cooper v. South Carolina Highway Department, supra,* 183 S. C. 155, 190 S. E. 499.

The Highway Department is liable for injuries caused by defects or obstructions in highways only where it has actual or constructive notice of the defect or obstruction. See *Floyd v. Town of Lake City,* 231 S. C. 516, 99 S. E. (2d) 181; *Bruce v. City of Spartanburg,* 187 S. C. 322, 197 S. E. 823; *Correll v. City of Spartanburg,* 169 S. C. 403, 169 S. E. 81. "The duty of the public authority to use ordinary care in keeping its highways in a safe condition for public travel involves the anticipation of defects that are the natural and ordinary result of use and climatic influences, and it may be charged with constructive notice of their existence by reason of its failure so to anticipate them and its neglect to make sufficiently frequent and careful examinations or inspections to enable it to discover them." 25 Am. Jur., Highways, Sec. 446, p. 738.

Highway 118 is a narrow, unpaved, winding dirt road, filled with ruts and rocks, typical unimproved mountain road which is part of the State Highway

system. Plaintiff's motorcycle while traveling in the road-bed was suddenly upset as a result of a portion of the highway caving in. A portion of the roadbed had been undermined by heavy rains. The defendant was familiar with the general construction and layout of this road, which appeared to be safe from the viewpoint of the traveler. There was testimony that the Highway Department had worked on the road at frequent periods and had on occasion been called to repair the road. There is no evidence that defendant had actual notice of the dangerous condition of the road at this time; however, the evidence reveals that there had been previous washouts at this point and that during periods of heavy rain the drainage system was insufficient to take care of the excess water, thereby providing defendant with constructive notice of the defect.

The remaining questions relate to whether plaintiff successfully carried the burden of proof required of him by Statute to affirmatively prove that he is without negligence or did not negligently contribute to his injury.

The evidence is to the effect that plaintiff was traveling at a speed of approximately 10 to 15 m. p. h., in second gear, a gear designed for slow speed. He was in the right-hand rut when he noticed an obvious danger, a wet spot that appeared slick, on his side of the road. After crossing to the left rut of this one lane road to avoid the apparent danger, what appeared to be dry and solid ground gave way beneath him. Pictures of the scene of the accident taken the next day by plaintiff's son and offered as exhibits appear to show the depression or cave in adjacent to the left-hand rut. This was a single lane road and defendant's contention that recovery should be denied because plaintiff was negligent in driving in the left lane is not persuasive here. Had plaintiff been traveling in the opposite direction, the rut or track he was traveling in would have been the right rut or track. Being a single-lane road, it was used for travel in both directions. It was therefore a jury

question whether plaintiff was guilty of contributory negligence.

For the foregoing reasons, we are of opinion that the verdict and judgment appealed from should be affirmed; and it is so ordered. Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.