FLOYD WILLIAM WHITWORTH v. LUMBERMENS MUTUAL CASUALTY COMPANY, INC., a CORPORATION, AND HARRY L. HENDERSON AND J. MAX ROYAL, INDIVIDUALS.

(Filed 3 November, 1965.)

**1. Master and Servant § 86—**

Insurer who has paid a claim under our Compensation Act may not be held liable for the failure of its agents to perform their agreement with the injured employee to file his claim for the negligent injury against the third person tort-feasor, there being no evidence that the individuals were authorized by insurer to enter into any such undertaking on its behalf or that the filing of a claim on behalf of the employee was in the course of their employment as insurer's agents.

**2. Same;   Negligence § 1;   State § 5a—**

Plaintiff, injured as a result of a defect in a highway in South Carolina, alleged that the individual defendants gratuitously agreed to file his claim for his injury with the South Carolina Highway Commission and negligently failed to do so. *Held:* In view of the fact that the South Carolina statute provides for liability only if the highway department has actual or constructive notice of such defects, the absence of evidence as to when or how the defect occurred so as to supply the basis for a finding of actual or constructive notice thereof, is fatal, since there could be no recovery in the absence of such showing.

APPEAL by plaintiff from *Houk, J.,* 28 May 1965 Schedule "A" Civil Session of MECKLENBURG.

This is an action to recover damages for alleged negligent failure to file, on the plaintiff's behalf, a claim for damages with the South Carolina State Highway Department by reason of which failure the plaintiff's claim is now alleged to be barred by the South Carolina

statute. The appeal is from a judgment of nonsuit entered at the close of the plaintiff's evidence.

The complaint alleges that while the plaintiff was riding at night in the sleeping compartment of a tractor-trailer combination upon U. S. Highway 123 in South Carolina, it struck a hole in the highway caused by a washout and he was injured. It alleges that he had a right to recover damages therefor from the State of South Carolina, not to exceed $8,000, but the statute of South Carolina required that a sworn claim be filed within 180 days after the alleged injury. Plaintiff alleges that he took the necessary forms for the filing of the claim to the individual defendants, who were agents of the corporate defendant and who, as such, had handled for it his claim under the North Carolina Workmen's Compensation Act for this injury. He alleges that they gratuitously offered to perfect the claim for him and thereafter advised him that everything necessary to perfect his claim had been done, but they negligently failed to file the claim, thereby causing him to lose his right against the State to his damage in the sum of $5,427.49, this being the difference between the maximum recovery under the South Carolina statute and the payments made to him or for his benefit under the North Carolina Workmen's Compensation Act.

The answer denies that any of the defendants represented that any of them would take any action for the plaintiff with reference to perfecting his claim against the State of South Carolina. It alleges that the corporate defendant made payments to or for the plaintiff pursuant to the North Carolina Workmen's Compensation Act and that it advised the South Carolina State Highway Department of its resulting interest in any payments to be made by the State to the plaintiff on account of the accident. The defendants also plead contributory negligence by the plaintiff in relying upon the individual defendants to protect his claim.

The following is a summary of the evidence offered by the plaintiff:

On 30 April 1963 at 4:00 a.m. he was asleep in the sleeping compartment of the tractor-trailer. It struck a hole in the highway and he was injured. The hole was approximately 15 feet long, 12 feet wide and 15 feet deep. It was due to a washout. On 12 August 1963 he received forms from the South Carolina Claims Department which he carried to the defendant Royal, with whom he became acquainted when Royal, as representative of the corporate defendant, handled the settlement of his claim under the Workmen's Compensation Act. Royal believed these were the wrong forms. The plaintiff left them with Royal who said he would put the South Carolina authorities

"on notice by letter and that would take care of it." Subsequently, both Royal and Henderson told him that the State had been put on notice and the plaintiff had nothing to worry about.

Shortly after the original conversation between the plaintiff and Royal concerning the giving of notice, the corporate defendant, through Henderson, wrote to the claims agent of the South Carolina State Highway Department, with a copy to the plaintiff. The letter stated that its purpose was to notify the claims agent of the corporate defendant's interest in the matter by reason of payments made by it pursuant to the North Carolina Workmen's Compensation Act. At the time of this letter and of all conversations which the plaintiff had with Royal or Henderson, the total medical expenses of the plaintiff and the full extent of his disability had not been determined and the letter so stated.

The plaintiff filed his claim against the State of South Carolina 31 December 1963. It was denied administratively because filed after the time permitted by the statute. The plaintiff never consulted an attorney, and has instituted no legal proceeding against the State.

When the forms which he left with Royal were originally sent to him by the South Carolina State Highway Department the accompanying letter instructed him to return the forms, together with his doctor's bills and reports substantiating the amount of his claim. After learning there was a time limitation, he telephoned the defendant Royal and mentioned it to him. Royal again said that the plaintiff had nothing to worry about for the State had been put on notice and it was all right to wait until he had the final figure on medical expenses before doing anything else.

The washout undermined the highway and the pavement began to cave in when a vehicle proceeding immediately ahead of the tractor-trailer ran over the undermined portion. The South Carolina statute permits recovery, up to $8,000, by a person who is injured by reason of "a defect in any State highway," but requires a claim for injury to be filed with the Highway Department within 180 days after the alleged injury. The corporate defendant has paid $2,597.51 to or for the benefit of the plaintiff under the North Carolina Workmen's Compensation Act on account of the accident.

The plaintiff was advised by his friends to consult a lawyer and was informed by them of the existence of a time limitation upon his right to file a claim, but he felt that it was not necessary for him to consult an attorney.

*Louis A. Bledsoe, Jr. and Joseph A. Moretz for plaintiff appellant.*
*Carpenter, Webb & Golding by James P. Crews for defendant appellees.*

PER CURIAM. The plaintiff contends that the individual defendants gratuitously undertook to file the plaintiff's claim with the South Carolina Highway Department and failed to do so within the time allowed. Interpreting the evidence of the plaintiff most favorably to him, it fails completely to show any basis for a finding that the individual defendants were authorized by the corporate defendant to enter into any such undertaking on its behalf, or that the filing of a claim on behalf of the plaintiff was within their course of employment as its agents. The granting of a motion by the corporate defendant for judgment of nonsuit as to it was, therefore, proper.

The evidence shows no judicial determination that the letter written by the corporate defendant was not an adequate filing of the plaintiff's claim under the South Carolina statute, but, in any event, there is no evidence whatever to indicate when or how the washout occurred or that the South Carolina Highway Department had any notice or knowledge that it had taken place. The recent case of *Campbell v. South Carolina Highway Department*, 244 S.C. 186, 135 S.E. 2d 838, also involved a claim for injuries resulting from a cave-in of a portion of a road due to a washout. There, the Supreme Court of South Carolina said, "The Highway Department is liable for injuries caused by defects or obstructions in highways only when it has actual or constructive notice of the defect or obstruction." Therefore, if a claim had been properly filed by or on behalf of the plaintiff within the time allowed by the South Carolina statute, the evidence in this action is not sufficient to show that the plaintiff would have recovered any damages. If not, he has not been damaged by any failure of the individual defendants to file his claim even if they were under a duty to file it and did not.

Furthermore, the evidence, when interpreted most favorably to the plaintiff, shows only that the individual defendants advised him that, in their opinion, the letter written by the corporate defendant to the South Carolina Highway Department was sufficient notice of the plaintiff's claim, and that nothing else needed to be done until the plaintiff gathered together all of his medical bills and sent them to the South Carolina Highway Department. The plaintiff had a copy of this letter and was free to use his own judgment as to its effect. He was advised by friends to consult an attorney and elected not to do so.

The motions of the individual defendants for judgment of nonsuit were properly allowed.

Affirmed.