THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Jane Dorothy
 Moore, Appellant.
 
 
 

Appeal From Georgetown County
 Steven H. John, Circuit Court Judge

Unpublished Opinion No. 2010-UP-281
Submitted May 3, 2010  Filed May 20, 2010    

AFFIRMED

 
 
 
 Appellate Defender M. Celia Robinson, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and
 Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor
 John Gregory Hembree, of Conway, for Respondent.
 
 
 

PER CURIAM:  Jane
 Dorothy Moore was tried by a jury for failure to stop for a blue light.  At
 trial, Moore maintained a woman in the car with Moore was driving.  Moore was
 convicted and sentenced to ninety days' imprisonment.  Moore argues the trial
 court erred in (1) precluding her from presenting the results of an experiment
 she personally conducted outside of court to determine travel times along the
 route where she was arrested; (2) preventing her from questioning the arresting
 officer regarding timed entries on his Computer Aided Dispatch (CAD) incident
 detail report; (3) refusing to require the State to produce and disclose a
 booking photo of her; and (4) refusing to require the State to provide her with
 the criminal record of the other woman in the car.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: 
1. As to whether the trial
 court erred in precluding Moore from presenting the results of a self-conducted
 out-of-court experiment: State v. Frazier, 357 S.C. 161, 166, 592 S.E.2d
 621, 623 (2004) (stating in order for an out-of-court experiment to be
 admissible, the experiment must be "made under conditions and
 circumstances similar to those prevailing at the time of the [incident]"); Weaks v. S.C. State Hwy. Dep't, 250 S.C. 535, 542, 159 S.E.2d 234, 237
 (1968) ("It is not required that the conditions be identical with those
 existing at the time of the controversy; it is sufficient if there is a
 substantial similarity."); Gasque v. Heublein, Inc., 281 S.C. 278, 286-87,
 315 S.E.2d 556, 561 (Ct. App. 1984) (noting the question of similarity of
 circumstances lies within the sound discretion
 of the trial court).  
2.  As to whether the trial
 court erred in preventing Moore from questioning the State's witness about a CAD
 incident detail report: State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d
 691, 693-94 (2003) ("In order for an issue to be preserved for appellate
 review, it must have been raised to and ruled upon by the trial judge.  Issues
 not raised and ruled upon in the trial court will not be considered on appeal.").  
3.  As to whether the trial
 court erred in refusing to require the State to produce a booking photo of the
 other woman riding in Moore's vehicle: Dunbar, 356 S.C. at 142, 587
 S.E.2d at 693-94 ("In order for an issue to be preserved for appellate
 review, it must have been raised to and ruled upon by the trial judge.  Issues
 not raised and ruled upon in the trial court will not be considered on appeal.").
  
4.  As to whether the trial
 court erred in refusing to require the State to provide Moore with the criminal
 record of the other woman in the car:  Holmes v. South Carolina, 547
 U.S. 319, 327 (2006) (recognizing the "widely accepted" rules permitting
 a defendant to introduce evidence of third-party guilt when the evidence is inconsistent with and raises
 a reasonable doubt of defendant's own guilt, but excluding such evidence when
 it is speculative or remote);  State v. Cope, 385 S.C. 274, 293, 684
 S.E.2d 177, 187 (Ct. App. 2009) ("Evidence of third-party guilt may include: (1)
 facts that are inconsistent with the defendant's guilt; and (2) evidence
 raising a reasonable inference as to the accused's innocence.").  
AFFIRMED.
KONDUROS, GEATHERS, and
 LOCKEMY, JJ., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.