[File No. 6342.]

CLARENCE R. HUTCHINSON, Respondent, v. HARRY KINZLEY, Appellant.

(262 N. W. 251.)

Opinion filed August 15, 1935.

*O. B. Herigstad* and *R. A. Nestos,* for appellant.

*L. J. Palda, Jr.* and *C. E. Brace,* for respondent.

NUESSLE, J.   Plaintiff brought this action to recover damages for personal injuries incurred by being struck by defendant's automobile. The case was tried to a jury.   Plaintiff had a verdict.   Defendant, having laid the proper foundation, moved for judgment notwithstanding the verdict or for a new trial.   This motion was denied.   Judgment was entered on the verdict and the defendant appeals from the judgment and from the order denying his motion.

Plaintiff lives north of Minot.   In May, 1932, he went to Minot to procure some groceries and other supplies.   He drove a Buick two door sedan.   He loaded his groceries in the back part of his sedan and started home accompanied by one Truesdale.   He left Minot about eleven o'clock in the evening.   The night was clear with a bright moonlight. He drove north on the state highway.   After he had gone some dis-

tance his left rear tire went flat. At the point where this occurred the highway runs directly north and south. It was a graded highway covered with gravel. The main traveled portion was coated with "oil mix" called tarvia herein because so referred to by the witnesses. The highway was 27 feet wide from shoulder to shoulder. The tarvia was 20½ feet wide. The graveled portion from the tarvia to the shoulder on each side was a little more than 3 feet wide. When the plaintiff discovered his tire was flat he pulled a little to the right and stopped. The car was in the lane of travel for cars going north. Its west, or left side, was approximately one foot east of the center line of the tarvia. The car was 5 feet, 8 inches in width. Plaintiff got out on the left or driver's side of the car and went back to examine the tire. He left his headlights on and the red tail light was functioning. His companion got out on the other side, leaving the door open. While plaintiff was examining the tire he heard the hum of a motor and saw the defendant approaching from the south at a rapid pace. Defendant was driving on the right side of the highway in the lane of travel wherein the plaintiff's car was standing. When plaintiff saw the defendant's car approaching from the south he stepped to the front of his car. So also did Truesdale. It appeared that the defendant was not turning out to pass the car and plaintiff, thinking that there was about to be a collision, called to Truesdale to jump, and he and Truesdale both jumped off the highway into the ditch on the right or east side. Defendant's car was then some 25 or 30 feet from them. At that moment defendant swerved to the right into the ditch and struck both plaintiff and his companion. Truesdale was killed and plaintiff was very seriously injured. He brings this action to recover on account of the injuries thus received by him.

In his complaint plaintiff pleaded the facts substantially as above stated, claiming that the defendant was negligent. The defendant, answering, denied any negligence on his part and alleged that the injury received by the plaintiff was by reason of plaintiff's own negligence; alleged that if there was any negligence on defendant's part which resulted in the injury that the plaintiff was guilty of contributory negligence; and claiming that the plaintiff was negligent, defendant set up a counterclaim for damages which he himself suffered by

reason of the accident. The jury returned a verdict for the plaintiff and dismissed the defendant's counterclaim.

The defendant, in support of his motion for judgment notwithstanding the verdict or for a new trial, urged, and on this appeal urges, that the evidence is insufficient to sustain the verdict for the plaintiff and that the court erred in his instructions to the jury.

In support of his contention that the evidence is insufficient to support the verdict, defendant insists that the evidence does not establish any negligence on the part of the defendant which proximately caused the accident and that it does establish that there was negligence on the part of the plaintiff which was the proximate cause of the accident. The defendant's contention is that the plaintiff was negligent in that he stopped and left his automobile in the center of the lane of travel for cars proceeding north; that he did not drive to the side of the highway but occupied substantially the whole of this lane of travel. The statute, § 24, chapter 162, Session Laws of 1927, provides:

"No person shall park or leave standing any vehicle whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway; provided, in no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway opposite such standing vehicle shall be left free for passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of 200 feet in each direction upon such highway."

The defendant insists that the main traveled portion of the highway at the point of the accident was the oiled or tarvia portion thereof, and that since there was less than 15 feet of this main traveled portion left between the west side of the plaintiff's car and the outer edge of the tarvia, the plaintiff was guilty of negligence and that such negligence was the cause of the accident.

Though it be conceded that the plaintiff was negligent in leaving his automobile as he did, nevertheless unless this negligence was a proxi-

mate cause of the accident that thereafter occurred it did not constitute contributory negligence and plaintiff is not chargeable on account thereof. Acton v. Fargo & M. Street R. Co. 20 N. D. 434, 129 N. W. 225; Thomp. Neg. § 216; Shearm. & Redf. Neg. 6th ed. § 94. When plaintiff stopped and went back to examine his car he was wholly within the lane of travel for cars going north. It is true he might have driven further to the side of the road. But he had been in this position for only a brief time when he heard the defendant approaching from the south. The night was clear. The moonlight was bright. The plaintiff's headlights were on and his red tail light was functioning. There is testimony in the record that the plaintiff's car was visible·for several hundred yards looked at along the highway from either the north or south. The highway was perfectly straight. There were no dips or swells. When the plaintiff stopped his car and went back to examine the tire the defendant was nearly a mile distant from the scene of the accident. The defendant was traveling north in the proper lane of travel for cars proceeding in that direction. He was required to use ordinary care and prudence in so doing, considering any obstacles or obstructions that he might encounter. He saw the plaintiff's automobile. If exercising ordinary care and prudence he should have been able to avoid colliding with it but failed to do so, then he would have been negligent and that negligence would have been the proximate cause of the resulting collision rather than the negligence of the plaintiff. Bostwick v. Minneapolis & P. R. Co. 2 N. D. 440, 51 N. W. 781; Acton v. Fargo & M. R. Co. 20 N. D. 434, 129 N. W. 225, supra. See also Casada v. Ford, 189 N. C. 744, 128 S. E. 344; 1 Blashfield, Cyc. Auto. Law, 560; Shearm. & Redf. Neg. 6th ed. §§ 99, et seq.; Thomp. Neg. § 241. And, likewise, if in avoiding a collision with the plaintiff's automobile he failed to use ordinary care and prudence in so doing and an accident and injury resulted, his negligence in that respect would have been a proximate cause of such resulting accident and injury. Under such circumstances the questions of the negligence of both the plaintiff and the defendant would be questions for the jury. The trial court submitted the questions of negligence arising by reason of the action of the plaintiff in stopping and leaving his car as he did and of the defendant in doing as he did in a

proper manner and the jury's verdict is conclusive in so far as these questions are concerned.

But there was no collision. The accident that resulted arose when the defendant sought to avoid a collision. So the defendant contends that it would not have occurred had not the plaintiff leaped from the highway into the path of defendant's automobile; that the plaintiff's car was stopped in the east lane of travel near the center of the highway; that accordingly defendant rightfully might have turned either to the right or to the left to pass it and that it was proper for him to turn to the right and take to the ditch; that the plaintiff saw him coming and when plaintiff jumped into the ditch in front of defendant's automobile he was guilty of negligence which was the proximate cause of the accident.

It seems to us that the jury's finding on this question also is conclusive. Plaintiff had no means of knowing that the defendant would turn to the right in attempting to pass plaintiff's automobile. He believed that there was about to be a collision and in order to avoid injury from such impending collision he sought to escape injury by jumping into the ditch out of the way of the oncoming automobile. He formed his decision that this was the right thing to do before he knew the defendant was about to take the ditch. Defendant was coming at a rapid rate of speed. Plaintiff had to make his decision instantly. He had no time for reflection. He could not safely remain where he was. Ordinarily, a car coming from the south, would turn to the left and pass in the west lane of travel. It was at least a question for the jury as to whether the course he followed was that which any ordinarily prudent man would have followed under all the circumstances.

The defendant complains because of the instructions. The court instructed with respect to the defendant's counterclaim as follows:

"From the foregoing it will be seen that we are trying two lawsuits arising out of the same transaction. In order that the jury may not get mixed up on the issues, the two cases should be considered separately, each case to be considered by you the same as though the other case did not exist. That is to say, you should consider the plaintiff's case and the defendant's defense to it, and after you have decided that case under all the evidence and instructions, and have signed the ver-

dict for or against the plaintiff, you should take up and consider the case of the defendant against the plaintiff, without regard to how the plaintiff's case was decided; and after you have decided the case of the defendant against the plaintiff you will sign a verdict either for or against the defendant as you may decide under all the evidence and these instructions."

His complaint in this regard is that prejudice resulted because the jury were advised they should consider first the plaintiff's case and determine that before considering the counterclaim. It seems to us there is no ground for this complaint. The jury was fully instructed with respect to the several causes of action. This particular instruction was given so that there might be no confusion as to the issues. If the plaintiff was negligent, either primarily or contributorily, he could not recover. If he was negligent and the defendant was not, then, and then only was the defendant entitled to a recovery. The jury's findings were in effect that there was no negligence on the plaintiff's part and that there was negligence on the part of the defendant. These findings are consistent.

The court also advised the jury that "the driver of any vehicle overtaking another vehicle proceeding in the same direction shall pass at a safe distance to the left thereof." This instruction is in the exact words of the rule of the road laid down in § 12 of chapter 162, Sess. Laws 1927, prescribing highway traffic regulations. The defendant insists that this instruction is inapplicable under the evidence for the reason that the plaintiff's automobile was stationary and therefore could not be proceeding in the same direction. We cannot agree. The instruction is clearly applicable. When the plaintiff's tire blew out he pulled over to the east lane of travel. The west lane was left entirely vacant. He got out with the idea of changing the tire. He examined it. Almost immediately he heard the hum of defendant's motor and saw the defendant approaching. Then he went to the front of his own car. A very short time had elapsed—plaintiff says about two minutes. For all practical purposes plaintiff's car was proceeding. The same rule that would apply had he been continuing on his way must apply under these circumstances.

Defendant also contends that plaintiff's car was parked in the center of the highway and that therefore defendant had the right to pass him either on the right or on the left. But plaintiff was not in the center of the highway. He was in the east lane. Ordinarily in such case the passing vehicle would pass to the left where, as here, there was room on the traveled portion of the highway and to pass on the right would require the passing vehicle to take to the ditch. Safety for all users of the highway requires uniformity in the rules of the road, and to say that under these circumstances the defendant had the right to pass on either side of the plaintiff as he might choose, would lay down a rule inevitably inducing confusion and greatly increasing the hazards incident to the use of the highways. Defendant cites and relies upon the case of Grein v. Gordon, 280 Pa. 576, 124 A. 737, 34 A.L.R. 1511. An examination of this case discloses that the facts are much different. There the car was parked in the center of the road and it does not appear that the rule of the road with respect to the passing of automobiles proceeding in the same direction was the same as in this jurisdiction. In any event, the rule there laid down is predicated upon the theory that the driver of the passing car was "exercising such care as the circumstances require."

After the jury had considered the case for some time they asked for further instructions. Their inquiry was: "If we should find the plaintiff has contributed to this damage, can we bring in a verdict of damage against the other party . . . If Mr. Hutchinson was partly to blame, can we bring in a verdict in his favor?" The court thereupon instructed that whether they could return a verdict in plaintiff's favor would depend upon whether they found that his negligence was sufficient to be a contributing cause of the accident. The court further stated: "The charge, I think, very clearly tells you that if the plaintiff was guilty of contributory negligence and that negligence contributed proximately to the injuries, then you must dismiss his case. I think that is already in the charge." The defendant urges that the jury's inquiry was as to whether it could return a verdict for the plaintiff if the plaintiff was partly to blame for the accident and that the court should have answered this inquiry yes or no. The court's

answer was sufficiently clear to the effect that if the plaintiff's negligence proximately contributed to the accident then he could not have a verdict and referred the jury to the instructions theretofore given which covered this subject fully and with certainty. There was no error in this regard.

The jury also made the following inquiries: "The Jury: Another thing, is that tarvia supposed to be known as the road or out to the shoulder? Did they get that settled? The Court: A highway, as I understand it, is a place for people to pass back and forth on. That is what a highway is. The Jury: Regardless of what is on top of it? The Court: It makes no difference. If it is built to travel on that is the highway part. Is that all? You may retire." Defendant contends that these inquiries clearly indicate that the jury was uncertain as to what was meant by the main traveled portion of the highway within the meaning of that term as used in the instructions given by the court touching this subject. Those instructions, substantially in the words of § 24, chapter 162, Sess. Laws 1927, supra, were:

"No person shall park or leave standing any vehicle whether attended or unattended upon the paved or improved or main traveled portion of any highway when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway; in no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon."

It is to be noted that the inquiry was not as to what constituted the main traveled portion of the highway. It was as to whether the tarvia was the road or whether the road extended out to the shoulder. Clearly the answer as returned by the court was responsive to the inquiry. Had the inquiry been as to what portion of the highway was to be considered the main traveled portion or whether the tarvia was to be considered as the main traveled portion, it would have been the duty of the court to instruct more particularly with respect to the matter. Had the defendant desired an instruction as to what constituted the main traveled

portion of the highway he should have requested it. He did not do so. On the record he has no ground for complaint.

The judgment and order must be affirmed.

BURKE, Ch. J., and MORRIS, BURR and CHRISTIANSON, JJ., concur.