Harry ZACHMEIER and Mike Wetch, doing business under the firm name of Zachmeier & Wetch, a partnership, Appellants,

v.

OIL EXPLORATION COMPANY, a domestic Corporation, Respondent.

No. 7536.

Supreme Court of North Dakota.

April 19, 1956.

Lord, Ulmer & Murphy, Mandan, for appellants.

Shaft, Benson & Shaft, Grand Forks, for respondent.

SATHRE, Judge.

Plaintiffs, a partnership, bring this action against the defendant, a corporation, to recover damages alleged to have been sustained by reason of breach by defendant of a certain contract entered into by the parties, plaintiffs' exhibit 2.

The plaintiffs are engaged in the business of drilling oil wells. On July 8, 1954, the plaintiffs and defendant entered into a contract whereby the plaintiffs agreed to drill a well for the defendant at a designated location in Nelson County, North Dakota. By the terms of the contract the plaintiffs agreed to move to the designated location a rotary drilling rig, in good condition, and forthwith commence the drilling of said well; and to furnish all labor, tools, fuel and all necessary supplies, material and equipment for the actual drilling and to run 8 inch casing as surface casing down to 200 feet and cement at defendant's expense. The defendant agreed to pay for all surface casing and all other casing and to furnish all cement for cementing surface casing, and any casing to be set for testing or production of either oil or gas, and for plugging the well, slush pits, electric log and other special services. The plaintiffs agreed to drill the well to a depth of 3,000 feet, unless granite or other impervious formations were first encountered, or unless oil or gas in commercial quantities were found at a lesser depth; actual drilling was to be commenced on or before July 20, 1954. The defendant agreed to pay plaintiffs for their services at the rate of $12.50 per hour, standby time at $6.25 per hour; for shutdown time of 72 hours required for cement to set after casing is run and cemented, $100 for each 24 hours, total not to exceed $300. Other conditions were to be performed by the respective parties but it is not necessary to recite them here.

The plaintiffs contend that they had fully performed all the conditions of the contract by them to be performed, and that under the terms of the contract they had earned the sum of $6,900; that there had been paid thereon the sum of $3,062.50 leaving a balance of $3,837.50, for which judgment is demanded.

The defendant answered admitting that it entered into the contract as alleged by the plaintiffs, but denies specifically any breach on its part, and on the contrary alleges that the plaintiffs have wholly failed to perform the stipulations and agreements by them to be performed, and by way of counterclaim alleges that it is entitled to recover the sum of $3,062.50 paid to the plaintiffs and other items paid the plaintiffs in the sum of $741.89; and in addition thereto the sum of $5,000 claimed to be damages sustained by the defendant by reason of plaintiffs' failure to perform the conditions by them to be performed under the terms of said contract.

The case was tried in the district court of Grand Forks County, to the court and a jury. The jury returned a verdict in favor of the plaintiffs. The defendant in due course made a motion for judgment notwithstanding the verdict, or in the alternative for a new trial. The trial court denied the motion for judgment notwithstanding the verdict but granted the motion for a new trial. The plaintiffs appealed from the order granting a new trial.

The following facts are established by the record. The plaintiffs drilled to a depth of approximately 1,640 feet. At that point they struck a porous formation and an empty space or cavity which resulted in the loss of circulation, that is the mud and water that circulate and carry the cuttings back to the surface were absorbed by the porous formation. By changing the consistency of the mud used to bring the cuttings to the surface circulation was restored; but it was lost after reaching a depth of approximately 1,650 feet. The plaintiffs contended that in order to continue drilling it would be necessary to drill from 30 to 50 feet through rock below the empty space or cavity encountered, and then sink casing the whole depth so as to permit drilling inside the casing. The plaintiffs contend that it was the duty of defendant to furnish the casing, but that it refused to do so. The plaintiffs contended further that they could not drill through the rock with their rotary rig and they demanded that the defendant furnish a cable tool rig for that purpose. They also demanded that defendant furnish a bond or other security so as to protect them from damage to their equipment if they continued drilling. The defendant refused to comply with these demands. The plaintiffs then moved their equipment away and brought this action.

Plaintiffs' appeal from the order granting a new trial is based on the ground that the defendant requested certain instructions which were incorporated by the trial court in the instructions given to the jury; that even if such instructions were erroneous they became the law of the case and the defendant having requested the instructions, invited error, and was bound thereby. The defendant's motion for judgment notwithstanding the verdict or for a new trial was made on two grounds:

1. That the instructions to the jury were erroneous.

2. That the verdict was against the law and against the undisputed evidence.

We shall first consider the second ground.

The claim of the plaintiffs is based on an alleged breach by the defendant of their contract. Plaintiffs' exhibit 2.

The plaintiffs admit that they demanded that the defendant furnish casing to be placed in the well so as to permit drilling inside the casing. However, under the contract it was the duty of the plaintiffs to furnish the casing, if needed, but it was the duty of the defendant to pay the cost thereof.

The plaintiffs also demanded that the defendant furnish a bond or security against damage to their equipment if they continued drilling, but there is no provision in the contract requiring defendant to furnish such security. The plaintiffs further contended that they would risk damaging their equipment if they undertook to drill 30 to 50 feet through rock with their rotary rig; they demanded therefore that defendant furnish a cable tool rig for that purpose. The defendant did not furnish such rig and there is no provision in the contract upon which the action is brought requiring the defendant to furnish a cable tool rig. The evidence is therefore very unsatisfactory as to whether defendant had breached the terms of the contract. This was the view taken by the trial judge. In his memorandum opinion he stated:

"It may well be that upon a retrial of the case the evidence may be brought out more clearly by both parties to the action. Obviously the issues involved are close and somewhat technical. In the interest of the administration of justice I have concluded that a new trial should be granted upon all of the issues involved in the action."

In the order settling the statement of the case the trial court stated:

"It is further certified, that in addition to the above documents the court on the motion for a new trial considered transcripts of excerpts of testimony of witnesses Mike Wetch, Leonard Pitzer, Selmer Moe and Emerlo Whitcher and the Court relied upon the Court's own memory and notes of all other evidence in the case except as it called on the Reporter to read portions of her stenographic notes to refresh the court's memory."

It is clear therefore that the trial court considered all of the evidence and the entire record and after such consideration he came to the conclusion that the evidence was unsatisfactory and that the interests of justice required that a new trial be granted.

██ In Kavanaugh v. Nestler, 45 N.D. 376, 177 N.W. 647, 648, this court said:

"'In the reviewing tribunal the weight and credibility of testimony will only be considered with a view to determine whether the order made in an inferior court, when acting within the domain of discretion, was or was not an abuse of discretion. * * * In the case at bar the order appealed from granted a new trial. Such orders, when based upon the insufficiency of the evidence, are rarely reversed by a reviewing court, and never except upon grounds which are strong and cogent. The reason for discriminating in favor of such orders is that they are not decisive of the case, but, on the contrary, only open the way for a reinvestigation of the entire case upon its facts and merits.'"

We quote further from the case of Cunningham v. Great Northern R. Co., 73 N.D. 315, 14 N.W.2d 753, 755, in which this court said:

"There is a strong presumption in favor of an order granting a new trial on the ground of insufficiency of the evidence to support the verdict, and the order will not be disturbed in absence of clear showing that it is erroneous. Aylmer v. Adams, 30 N.D. 514, 520, 153 N.W. 419, 420; Kohlman v. Hyland, 56 N.D. 772, 777-779, 219 N.W. 228."

██ We have examined the record and the excerpts of testimony taken at the trial, and we are agreed that there was no abuse of discretion on the part of the trial court in granting a new trial because of the unsatisfactory state of the evidence. It will not be necessary therefore to consider the exception taken to the instructions. If they were erroneous the error which resulted is not likely to occur on another trial. The order granting a new trial is affirmed.

BURKE, C. J., and MORRIS, JOHNSON and GRIMSON, JJ., concur.